# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**
MAR 21 2014
PATRICK KEANEY
Clerk, U.S District Court
By_____
Deputy Clerk

**LARRY DON WESLEY MAYNARD,**

Petitioner,

v.

**JERRY CHRISMAN, Warden,**

Respondent.

Case No. CIV 13-027-RAW-KEW

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, is attacking the execution of his sentence in Osage County District Court Case No. CRF-1988-27 for Shooting with Intent to Kill, After Former Conviction of Two Felonies. He claims the retroactive application of the 1998 amendment to Okla. Stat. tit. 57, § 332.7, violates the Ex Post Facto Clause and his right to due process. He specifically complains that prior to the amendment, parole consideration was annual, but under § 332.7, he is considered only every three years. In addition, he claims his right to due process is being violated, because he is not allowed to address the Pardon and Parole Board personally.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Because petitioner is challenging the execution of his sentence, the one-year limitation period began when the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Petitioner makes the following allegations in his brief in support of his habeas petition:

> On April of 1998, the Petitioner "had his **"FIRST"** one-third (1/3) regular Parole **"JACKET REVIEW"** under the Ex Post Facto Statute Title 57 § 332.7: Petitioner was denied and put off until April 2001, then was denied again and put off for another Three (3) years. In April 2004; April 2007; and April 2010, the same thing happened. Petitioner was once again denied and put off for another Three (3) years and once again he was not informed of the reason he was being denied Parole. Petitioner was just put off until April 2013. Petitioner feels that if he had been brought up for Parole Annually and had been given his **"RIGHT"** by the respondent, to a **PERSONAL APPEARANCE** as he was entitled to prior to the 1997 Title 57 § 332.7, that he'd had been granted a parole or had his sentence of Ninety-nine (99) years and one (1) day sentence commutated, years ago.

(Docket No. 2 at 8) (emphasis in original). Based on petitioner's allegations, the deadline for filing this action was in April 1999, one year after he discovered the changes in the parole consideration process. His petition, however, was not filed until January 2013, almost 14 years too late.

Petitioner alleges the one-year limitation period should not apply to him, because he is mentally ill, an extraordinary circumstance that can toll the limitation period. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and

2

exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). In support of this allegation, petitioner asserts the Delaware County District Court ordered a competency evaluation of him in January 1988. He allegedly was found to be incompetent to stand trial in February 1988, with a "guarded" prognosis, and he claims the Delaware County Court released him from custody. He now asserts he would not have committed the crime in Osage County, if he had not been released without treatment.

Petitioner also presents an usupported claim that the Oklahoma DOC has diagnosed him with paranoid schizophrenia and treats him daily with medication for his mental illness. The Tenth Circuit has stated in several unpublished opinions that equitable tolling because of mental illness is only warranted in circumstances such as "adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity." *Hendricks v. Howard*, 284 Fed. Appx. 590, 591 (10th Cir. 2008) (quoting *Reupert v. Workman*, 45 Fed. Appx. 852, 854 (10th Cir. 2002)). After careful review the court finds that although petitioner was found incompetent to stand trial in 1988, he has provided no evidence, except his conclusory allegations, that his mental illness prevented him from filing a timely habeas petition. Therefore, equitable tolling is not justified.

**ACCORDINGLY,** respondent's motion to dismiss (Docket No. 15) is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE, as barred by the statute of limitations.

**IT IS SO ORDERED** this 21st day of March 2014.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

3